CHARLES E. BENNETT, OVERSEER OF THE POOR OF THE CITY OF MILLVILLE, PROSECUTOR, v. JOHN LLOYD.

Submitted March 19, 1909—Decided June 7, 1909.

In proceedings to compel a defendant to support his family under the act concerning disorderly persons, the justice of the peace permitted the complainant to amend a defective complaint, after which the cause was tried and judgment entered against defendant, who thereupon appealed to the Court of Quarter Sessions, in which court the proceedings were dismissed, upon the ground that the original complaint was defective—*Held*, that the sessions had no power to review the legal error, if any, of the justice in allowing the amendment, as that was only subject to review by *certiorari;* that the defendant having chosen one of two remedies, namely, *certiorari* for a review of the legal error, or appeal on the merits of his cause, he must stand by his choice, and the sessions should have proceeded to try the cause on the record as amended.

On *certiorari* to Cumberland County Quarter Sessions.

Before Justices GARRISON, BERGEN and VOORHEES.

For the prosecutor, *Louis H. Miller.*

For the defendant, *J. Roy Oliver.*

The opinion of the court was delivered by

BERGEN, J. A writ of *certiorari* was allowed for the purpose of reviewing the action of the Court of Quarter Sessions of the county of Cumberland in dismissing proceedings instituted to compel defendant to support his family under the act concerning disorderly persons. *Pamph. L.* 1898, *p.* 942. Section 17 of the act makes it the duty of the overseer of the poor of any township or city to make a complaint under oath, before a magistrate of such township or city, against any husband or father who "deserts or willfully refuses or neglects to provide for his wife or other family," where he has

reason to believe that the family may become chargeable to such township or city. In this case complaint was made, before a justice of the peace having jurisdiction, that the defendant, as complainant "is credibly informed and verily believes, neglects and refuses to support and take care of his family, and that by reason thereof such family is likely to become a charge upon the city of Millville." On this complaint a warrant was issued, the defendant arrested, brought before the justice and entered into a recognizance to appear for a hearing, which was had April 23d, 1908, at which both parties appeared, when counsel for defendant moved that the complaint be dismissed because it did not contain the words "deserts and willfully." This motion was overruled, after which, according to the record, the plaintiff moved to amend the complaint in the particular complained of, "and no objection being made the same was allowed and filed." The trial then proceeded, resulting in the conviction of the defendant and an order for maintenance, from which the defendant appealed to the Court of Quarter Sessions of the county of Cumberland, in which court the appellant moved to dismiss the complaint on the ground that the court had no jurisdiction because the complaint, as originally made before the justice, failed to show that the appellant "deserts and willfully neglects" to support his family, and that the amendment of the complaint made by the justice could not be made against the objection of the appellant. The Court of Quarter Sessions dismissed the proceedings upon the ground that the complaint was defective, without proceeding to hear and determine the appeal upon its merits.

A review of this determination is the object of this writ, and the principal reasons urged in its support is that the justice had jurisdiction; that the appeal cured any want of jurisdiction in the Justice Court, if it existed, and that the Court of Quarter Sessions could not act as a court of review.

There can be no doubt under the settled law of this state that in order to give the justice jurisdiction to act in a case of this character, there must be a complaint under oath, set-

ting forth the jurisdictional facts, and also that one of the jurisdictional facts is that the defendant willfully refuses or neglects to support his family, and for want of this necessary and material statement in the complaint, the justice lacked jurisdiction, and should have dismissed the proceedings on the application of the defendant. The record shows that the amendment was made before the justice without objection, and thereafter the merits of the controversy tried before the justice. Whether the justice had the power to allow such an amendment it is not necessary to determine, because the record, as amended and returned to the Court of Quarter Sessions, disclosed a sufficient complaint, and it was the duty of that court to retry the cause, and not to pass upon the legality of the procedure in the court below. *Barclay* v. *Brabston,* 20 *Vroom* 629. If the amendment was erroneously allowed by the justice, and his jurisdiction to hear the cause improperly obtained by reason thereof, it was a legal error subject to review by *certiorari.* The defendant, as was said in *Barclay* v. *Brabston, supra,* had a choice of remedies, by *certiorari* for a legal review, or by appeal for a new trial. He chose to appeal from the judgment based upon the record as amended, and is bound to stand by his choice. The Court of Quarter Sessions had no power to review, on the appeal, the legal error, if any, of the justice.

This result renders it unnecessary to consider the other reasons urged by the prosecutor on the argument.

The judgment challenged by this writ is set aside, with costs, and a new trial ordered.